**WARNER BROS. INC. and Warner Bros. Distributing Corporation, Plaintiffs-Appellants,**

v.

**David L. WILKINSON, Attorney General of the State of Utah, Defendant-Appellee,**

and

**Motion Picture Exhibitors Association of Utah, Inc., Intervenor-Appellee.**

No. 82–1093.

United States Court of Appeals, Tenth Circuit.

Jan. 15, 1985.

Erwin N. Griswold of Jones, Day, Reavis & Pogue, Washington, D.C. (Barbara Kacir of Jones, Day, Reavis & Pogue, Washington, D.C., and L.R. Gardiner, Jr. of Fox, Edwards & Gardiner, Salt Lake City, Utah, with him on briefs), for plaintiffs-appellants.

Ralph L. Finlayson, Sp. Asst. Utah Atty. Gen. for State of Utah (George M. Mecham and James L. Wilson, Sp. Asst. Utah Attys. Gen. for State of Utah, with him on brief), for defendant-appellee David L. Wilkinson, Atty. Gen. of State of Utah.

Robert A. Peterson of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for intervenor-appellee Motion Picture Exhibitors Ass'n of Utah, Inc.

Before BARRETT, SETH and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiffs are distributors of motion pictures. In the district court they sought a

determination that section 4 of the Utah Motion Picture Fair Bidding Act, Utah Code Ann. § 13–13–1 *et seq.* (1979), is unconstitutional and unenforceable. They also sought an injunction preventing its enforcement, 533 F.Supp. 105. Section 4 provides as follows:

If an exhibitor is required by a license agreement to make any payment to the distributor that is based on a percentage of the theater box office receipts the license agreement shall not require a guarantee of a minimum payment to the distributor or require the exhibitor to charge any per capita amount for ticket sales.

Plaintiffs' complaint alleged this provision to be unconstitutional on its face and in its prospective effects under the Constitutions of the United States and the State of Utah. Specifically, plaintiffs alleged the provision to be defective (1) as violative of the commerce clause; (2) as intruding into an area of commerce preempted by the Copyright Act, 17 U.S.C. §§ 101 *et seq.* (1976); (3) as intruding into an area preempted by the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq.* (1976); (4) as violative of the first and fourteenth amendments' guarantee of freedom of expression; and (5) as depriving plaintiffs of property without due process of law in contravention of art. I, section 7 of the Utah Constitution.

The district court denied plaintiffs' motion for summary judgment, instead granting summary judgment for the defendants, finding that the statute was not facially unconstitutional. On appeal, plaintiffs argue that papers filed in support of their motion for summary judgment made clear that they attacked both the facial validity of the statute and its validity as applied. Plaintiffs' position is that by considering only their facial attack the district court denied them their day in court on their "as applied" argument.

The nature of the plaintiffs' attack was the source of some confusion in the summary judgment hearing. While plaintiffs did file papers in support of their motion for summary judgment that went to factual issues, they, nevertheless, specifically and repeatedly argued in the hearing that their attack on the statute was strictly a facial one. Hearing Transcript, at 10, 21, 24, 73.

While we must reject the plaintiffs' claim that their summary judgment motion included both a facial and an "as applied" attack on the statute, the fact remains that their complaint did allege the statute to be unconstitutional in both ways.[*] In rejecting plaintiffs' motion and in granting summary judgment to the defendants, the district court held:

At this point, it appears to me from the record that it would serve no useful purpose to set this matter down for trial. Nothing remains to be tried that I can see. This has been a facial attack, rather than an attack as to the statute's application to specific facts. Summary judgment therefore shall be entered in favor of the defendant and the intervenor and the complaint therein shall be dismissed.

Record, vol. 2, at 411. (citation omitted)

While the district court made clear the grounds upon which it rejected the claim of facial unconstitutionality made by plaintiffs in their summary judgment motion, the court did not illucidate the grounds upon which it dismissed plaintiffs' remaining claim that the statute is unconstitutional as applied. There are several possible explanations for the dismissal: (1) the court viewed the "as applied" claim as having been abandoned; (2) the court viewed the "as applied" claim as being indistinguishable from the facial claim; (3) the court overlooked the "as applied" claim; (4) or, the court reached the "as applied" claim and rejected it. The fourth possibility seems precluded by the paragraph cited above from the court's opinion. The other three remain open, and this court's appellate review would vary depending on which

---

[*] While the allegation in plaintiffs' complaint that the statute is unconstitutional in its "prospective effects" is somewhat perplexing, the complaint viewed as a whole clearly includes an attack on the statute as applied.

we assume to have been the actual reason for the dismissal.

We decline to make such an assumption. Instead, because it is unclear whether the district court adjudicated all of the plaintiffs' claims, its dismissal must be overturned as improperly vague in violation of Federal Rule of Civil Procedure 52(a). The dismissal, therefore, does not constitute a final judgment. While the district court's disposition of plaintiffs' "as applied" claim is vague, the court did clearly reject plaintiffs' facial attack on the statute. Nonetheless, this explicit finding does not constitute a final judgment because, under Federal Rule of Civil Procedure 54(b), a judgment that "adjudicates fewer than all the claims" is not final in the absence of a determination that "there is no just reason for delay and ... an express direction for entry of judgment."

This appeal is dismissed and cause remanded for findings on those claims raised by plaintiffs' complaint that have yet to be explicitly addressed by the district court.